UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sharon A. Stadther,                                        Civil No. 11-1297 (DWF/JJG)

          Plaintiff,

v.                                                         **ORDER ADOPTING REPORT
                                                           AND RECOMMENDATION**

Department of Homeland Security,
Kenneth Kasprison, Megen Kelly,
Lola Jackson, and Diane DiCarlo,

          Defendants.

This matter is before the Court on Plaintiff Sharon A. Stadther's ("Plaintiff") objections to Magistrate Judge Jeanne J. Graham's August 7, 2012 Report and Recommendation. (Doc. No. 82.) In the Report and Recommendation, Magistrate Judge Graham recommends that: (1) Defendants' Motion and Amended Motion to Dismiss be granted; (2) Plaintiff's Motion to/for Section 706(f)(2) of Title VII be denied; (3) Plaintiff's Motion to/for Rule 9 be denied; (4) Plaintiff's Motion to/for Rule 8 be denied; (5) Plaintiff's Motion to/for Tort-Intentional Infliction of Emotional Pain be denied; and (6) this case be dismissed with prejudice. (Doc. Nos. 27, 30, 33, 39, 45, and 50.)[1]

---

[1] The Court uses the motion titles used by Plaintiff in this action, and clarifies the substance of the following motions below. In her "Motion to/for Section 706(f)(2) of Title VII," Plaintiff sought relief under a statute that permits the EEOC to request relief based on a preliminary investigation. Magistrate Judge Graham explained that this statute does not provide a private right of action. (Doc. No. 82 at 13.) In her "Motion to/for Rule 9," Plaintiff moved for an order requiring individual Defendants to pay her medical

(Footnote Continued on Next Page)

Plaintiff has objected to the portion of Magistrate Judge Graham's Report and Recommendation holding that Section 111(d) of the Aviation and Transportation Security Act ("ATSA") preempted the Rehabilitation Act of 1973 (the "Rehabilitation Act") and the Rehabilitation Act's application to Plaintiff's lawsuit.  Specifically, Plaintiff argues that (1) the ATSA does not entirely preempt the Rehabilitation Act; (2) the ATSA does not preempt Plaintiff's claims because it only applies to individuals carrying out "screening functions" and Plaintiff was not a screener from 2005 to 2008 and requested non-screening jobs; and (3) Plaintiff's claims are not preempted by the ATSA because the Transportation Security Administration's ("TSA") retaliation continued after her employment ended. (Doc. No. 83.)   Defendants responded to Plaintiff's objections on September 7, 2012. (Doc. No. 86.)   Defendants submit that Plaintiff's objections are based on arguments that were made in opposition to Defendants' motions to dismiss, and that those arguments were carefully considered and properly rejected by Magistrate Judge Graham.   Further, Defendants submit that Plaintiff fails to demonstrate that the Report and Recommendation is incorrect in any way.

---

(Footnote Continued From Previous Page)
bills and transportation costs.  Magistrate Judge Graham explained that Rule 9(g) does not provide for an actual award of such relief.  (*Id*.)  In her "Motion to/for Rule 8," Plaintiff requested an order requiring individual Defendants to compensate her for insurance premiums she paid after her health insurance was cancelled.  Magistrate Judge Graham explained that Rule 8(a) pertains only to pleading requirements.  (*Id*. at 13-14.)  Finally, in her "Motion to/for Tort-Intentional Infliction of Emotional Pain," Plaintiff requested that Defendants be required to pay her monetary relief for causing intentional infliction of emotional pain.  Magistrate Judge Graham also explained that this claim fails on the merits and jurisdictional grounds.  (*Id*. at 14.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.   Based upon the Court's *de novo* review of the record, and all of the arguments and submissions of the parties, the Court concludes that Magistrate Judge Graham correctly concluded that the ATSA preempts Plaintiff's rehabilitation claims, and correctly recommended that Defendants' motions to dismiss should be granted, Plaintiff's motions should be denied, and the case should be dismissed with prejudice.   While the Eighth Circuit has not addressed the issue, the Court agrees that the ATSA, which was enacted in response to the September 11, 2001 terrorist attacks, preempts the application of the Rehabilitation Act to employment decisions concerning security screening positions.  *See Field v. Napolitano*, 663 F.3d 505, 510, 512 (1st Cir. 2011) ("Every circuit to address the issue has agreed that the language of the ATSA plainly precludes security screeners from bringing suit under certain of the federal employment statutes [including the Rehabilitation Act] . . ."); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 290 (2011); *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1447 (11th Cir. 2006).   The Court concludes that Plaintiff's arguments to the contrary fail for the reasons set forth by Magistrate Judge Graham.   Specifically, the Court agrees that the legislative history of the ATSA demonstrates that Congress was aware of the expansive discretion it was granting to the TSA and that Congress did not give the

EEOC a role in interpreting the ATSA. The Court also agrees that Plaintiff's duties, even as modified after her security screening certification expired in 2005 and included watching and monitoring passengers waiting for additional screening, were functions "inherent in § 44901(a)'s mandate" to screen all passengers prior to boarding. (*See* Doc. No. 82 at 9 (citing Doc. No. 5, Amended Compl., Ex. 5 at 5, 7).) Finally, the Court concludes that Plaintiff's argument that her retaliation claims that relate to requests for non-screener jobs are not preempted also fails for the reasons set forth in the Report and Recommendation.[2]

For the reasons stated above, and being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Sharon A. Stadther's objections (Doc. No. [83]) to Magistrate Judge Jeanne J. Graham's August 7, 2012 Report and Recommendation are **DENIED**.

2. Magistrate Judge Jeanne J. Graham's August 7, 2012 Report and Recommendation (Doc. No. [82]) is **ADOPTED**.

3. Defendants' Motion and Amended Motion to Dismiss (Doc. Nos. [27] and [50]) is **GRANTED**.

---

[2] Plaintiff also argues that even if the ATSA preempts her discrimination claim, it does not preempt her retaliation claim because the TSA continued to retaliate after her employment ended. Plaintiff raised this argument for the first time in her objections to the Report and Recommendation. Thus, the argument was not considered by Magistrate Judge Graham and is now untimely. The Court considers the argument to have been waived.

    4.       Plaintiff's Motion to/for Section 706(f)(2) of Title VII (Doc. No. [30]) is **DENIED**.

    5.       Plaintiff's Motion to/for Rule 9 (Doc. No. [33]) is **DENIED**.

    6.       Plaintiff's Motion to/for Rule 8 (Doc. No. [39]) is **DENIED**.

    7.       Plaintiff's Motion to/for Tort-Intentional Infliction of Emotional Pain (Doc. No. [45]) is **DENIED**.

    8.       This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:   September 25, 2012          s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge